IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 11 |
| SOUTHEASTERN HOSPITALITY, LLC, | : | |
| | : | CASE NO. 18-67291-PMB |
| Debtor. | : | |
| | : | |
| ACCESS TO CAPITAL FOR ENTREPRENEURS, INC., | : | |
| | : | |
| Movant, | : | CONTESTED MATTER |
| | : | |
| v. | : | |
| | : | |
| SOUTHEASTERN HOSPITALITY, LLC, | : | |
| | : | |
| Respondent. | : | |

**NOTICE OF MOTION FOR RELIEF FROM STAY,
WAIVER OF THE 30-DAY REQUIREMENT OF SECTION 362(e),
AND WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)**

Access to Capital for Entrepreneurs, Inc. has filed papers with the court seeking to terminate the automatic stay.

<u>**Your rights may be affected.**</u> **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the Court to grant the relief sought in the Motion, or if you want the Court to consider your views on the Motion, then on or before July 1, 2019, you or your attorney must:

File with the Court a written response explaining your position at:

Clerk, U.S. Bankruptcy Court
1340 United States Courthouse
75 Ted Turner Drive SW
Atlanta, Georgia 30303

If you mail your response to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

You must also send a copy to:

>Thomas E. Austin, Jr., Esq.
>Thomas E. Austin, Jr., LLC
>2625 Piedmont Road, NE
>Suite 56-330
>Atlanta, Georgia  30324-3086

>Southeastern Hospitality, LLC
>675 Ponce de Leon Avenue
>Suite 215
>Atlanta, Georgia  30308

>William A. Rountree, Esq.
>Rountree Leitman & Klein, LLC
>Century Plaza I
>2987 Clairmont Road, Suite 175
>Atlanta, Georgia  30329

>R. Jeneane Treace, Esq.
>Office of the United States Trustee
>75 Ted Turner Drive
>Suite 362
>Atlanta, Georgia 30303

Attend the hearing scheduled to be held on July 2, 2019, at 1:30 p.m. in Courtroom 1202, United States Bankruptcy Court, Russell Federal Courthouse, 75 Ted Turner Drive SW, Atlanta, Georgia  30303.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an order granting that relief.

Dated: _____6/10/19_____

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr. (028835)
2625 Piedmont Road, NE, Suite 56-330
Atlanta, Georgia  30324-3086
Telephone:  (404) 814-3755

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : |
| SOUTHEASTERN HOSPITALITY, LLC, | : CHAPTER 11 |
| | : |
| Debtor. | : CASE NO. 18-67291-PMB |
| | : |
| ACCESS TO CAPITAL FOR ENTREPRENEURS, INC., | : |
| | : |
| Movant, | : CONTESTED MATTER |
| | : |
| v. | : |
| | : |
| SOUTHEASTERN HOSPITALITY, LLC, | : |
| | : |
| Respondent. | : |

**MOTION TO MODIFY AUTOMATIC STAY,
WAIVER OF THE 30-DAY REQUIREMENT OF SECTION 362(e),
AND WAIVER OF STAY OF ORDER UNDER BANKRUPTCY RULE 4001(a)(3)**

COMES NOW, Access to Capital for Entrepreneurs, Inc. ("ACE"), a party in interest in the above-captioned matter and Movant in this proceeding, and respectfully shows this Court as follows:

1.

Southeastern Hospitality, LLC (the "Debtor") filed a petition for relief under Chapter 11 of Title 11 of the United States Code on October 12, 2018.

2.

The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Section 157 and 11 U.S.C. Section 362.

3.

The Debtor continues to operate as a Debtor-in-Possession.

4.

ACE holds a valid, properly perfected security interest in all of the Debtor's new and used business kitchen machinery, equipment, furniture and fixtures now owned and hereinafter acquired by Southeastern Hospitality, LLC (collectively, the "Collateral") by virtue of a Promissory Note dated July 16, 2015, in the original principal amount of $153,815.70 (the "Note"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "A", by virtue of a Security Agreement from Southeastern Hospitality, LLC d/b/a Mercury Supper Club and Lounge dated July 16, 2015 (the "Security Agreement"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "B", and by virtue of a UCC Financing Statement recorded on July 21, 2015 at File Number 154-2015-000232 in the Superior Court of White County, Georgia (the "UCC"), a copy of which is attached hereto and incorporated herein by reference as Exhibit "C".

5.

The Collateral is used by the Debtor at the premises of the Debtor's business, a restaurant called The Mercury, which is located at 675 Ponce De Leon Avenue, Suite 215, Atlanta, Georgia 30308.  The Debtor previously entered into a lease with Jamestown PCM Master Tenant, L.P. ("Jamestown" or the "Landlord") for the use of the restaurant premises.

6.

The Debtor went into default under the terms of the lease it had with Jamestown[1].  On May 10, 2019, the Court entered an Order Denying Debtor's Motion to Assume Unexpired Leases Pursuant to 11 U.S.C. §365, whereby the Court denied Debtor's Motion to assume the unexpired lease with Jamestown and required Debtor to turn possession of the premises over to Landlord by May 10, 2019.  Landlord consented to Debtor remaining in the premises through May 31, 2019.[2]

---

[1] At a hearing held on May 8, 2009, the Debtor and Landlord stipulated that the Debtor was in arrears on its rent payments and other charges owed to Landlord in the approximate amount of $122,000.00. (Order, Doc. 95, p. 2).
[2] Order, Doc. 95, p. 3.

7.

On May 24, 2019, the Debtor filed an Emergency Motion for Reconsideration of the Court's May 10, 2019 Order. (Doc. 101). On May 30, 2019, the Court denied the Emergency Motion. (Doc. 105). Upon information and belief, Debtor is in the process of vacating the Landlord's restaurant premises.

8.

Given the foregoing, the Debtor no longer has any use for the Collateral maintained at the Landlord's premises. There is no equity in the Collateral, ACE's security interest in the Collateral is not adequately protected, and the automatic stay pursuant to 11 U.S.C. §362 should be terminated for cause.

9.

In addition, ACE has no information concerning the status of insurance coverage on the Collateral. Upon information and belief, the Debtor does not have insurance coverage on the Collateral. ACE's security interest in the Collateral is not adequately protected, and the automatic stay pursuant to 11 U.S.C. Section 362 should be terminated for cause.

10.

ACE's interest in the Collateral is at risk of continuing diminution and loss and is not adequately protected.

11.

ACE shows this Court that the above described Collateral is unnecessary to the Debtor's reorganization, and the automatic stay pursuant to 11 U.S.C. §362 should be terminated for cause.

12.

ACE further shows this Court that the above described collateral is burdensome to the estate and of inconsequential value and should be abandoned.

13.

ACE, by and through counsel, waives the requirement and agrees that, in the event a hearing cannot be held within thirty (30) days from the filing of the Motion for Relief from Automatic Stay, as required by 11 U.S.C. Section 362, to the next earliest possible date, as evidenced by signature below.

14.

Pursuant to Bankruptcy Rule 4001(a)(3), an order granting a motion for relief from the automatic stay is stayed until the expiration of fourteen (14) days after the entry of the order "unless the court orders otherwise". ACE respectfully requests that the fourteen (14) day stay of the Order pursuant to Bankruptcy Rule 4001(a)(3) be waived, and this Order be deemed effective immediately on the date of the entry of the Order.

WHEREFORE, Access to Capital for Entrepreneurs, Inc. moves this Court for an order terminating the automatic stay pursuant to 11 U.S.C. Section 362 as to the Debtor's Collateral, waiving the fourteen (14) day stay of the entry of the Order provided under Bankruptcy Rule 4001(a)(3), and for such other and further relief as the Court deems just and appropriate.

RESPECTFULLY SUBMITTED, this 10th day of June, 2019.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.
Georgia Bar No. 028835
Attorney for Access to Capital for
Entrepreneurs, Inc.

Thomas E. Austin, Jr., LLC
2625 Piedmont Road NE
Suite 56-330
Atlanta, Georgia  30324-3086
(404) 814-3755

| Southeastern Hospitality, LLC. | PROMISSORY NOTE | Loan Number: ▓▓▓▓ |
| d/b/a Mercury Supper Club and Lounge | Access to Capital for Entrepreneurs Inc. | Date: July 16, 2015 |
| 24 Leslie Street N E | 3173 Hwy. 129 North | Maturity Date: August 1, 2021 |
| Atlanta, GA 30307 | Cleveland, GA 30528 | Loan Amount: $ 153,815.70 |
| BORROWER'S NAME AND ADDRESS | LENDER'S NAME AND ADDRESS | Renewal of Existing: |

For value received, I promise to pay you, or your order, at your address listed above the PRINCIPAL sum of **One Hundred Fifty Three Thousand Eight Hundred Fifteen Dollars and 70/100 ($153,815.70)**

☐ **Single Advance:** I will receive this entire principal sum on _____. No additional advances are contemplated under this note.

☑ **Multiple Advances:** The principal sum shown above is the maximum amount of principal I can borrow under this note. On **July 16, 2015** I will receive the amount of **$ 32,029.70** and future principal advances, not to exceed **$153,815.70**.

☐ **Open End Credit:** You and I agree that I may borrow up to the maximum amount of principal more than one time. This feature is subject to all other conditions and expires on _____.

☑ **Closed End Credit:** You and I agree that I may borrow up to the maximum amount only one time (and subject to all other conditions).

**INTEREST:** I agree to pay interest on the outstanding principal balance from **the date of closing** at the rate of **8.0%** per year until paid in full.

**ACCRUAL METHOD:** Interest will be calculated on a **daily** basis.

☑ **LATE CHARGE:** If a payment is made more than **10** days after it is due, I agree to pay a late charge of **$25.00**.

☑ **ADDITIONAL CHARGES:** In addition to interest, I agree to pay the following charges which ☑ are ☐ are not included in the principal amount listed above and will be paid out of the loan proceeds: closing fee of **$1,815.70**

**PAYMENTS:** I agree to pay this note as follows:

☑ **Interest:** I agree to pay accrued interest **one interest only payment due on September 1, 2015**

☐ **Principal:** I agree to pay the principal

☑ **Installments:** I agree to pay this note in **71** payments. The first payment will be in the amount of **$2,726.31** and will be due on **October 1, 2015**. A payment of **$2,726.31** will be due on the first business day of each month thereafter. The final payment of the entire unpaid balance of principal and interest will be due on **August 1, 2021**.

**ADDITIONAL TERMS:**

Loan is secured by a 1st lien security interest in all new and used business kitchen machinery, equipment, furniture and fixtures now owned and hereinafter acquired by Southeastern Hospitality, LLC.
A 1st lien security interest in accounts receivable now owned or hereinafter acquired by Next Wavv Consulting, LLC. A 1st lien on a 2009 Seadoo Serial#YDV26489K809 and a 2007 Sea Ray 175 Sport Boat Serial#SERRB757B707.
Payments to be made by ACH draft. Annual financial statements are required. Recommend borrower(s) to participate in any educational opportunities offered by ACE in the borrower's area, including monthly network meetings.

**PURPOSE:** The purpose of this loan is: Start Up Business Working Capital/Purchase Equipment

**SIGNATURES AND SEALS:** IN WITNESS WHEREOF, I HAVE SIGNED MY NAME AND AFFIXED MY SEAL ON THIS **16th** DAY OF **JULY, 2015** BY DOING SO, I AGREE TO THE TERMS OF THIS NOTE (INCLUDING THOSE ON PAGE 2). I HAVE RECEIVED A COPY of THIS NOTE.

Access to Capital for Entrepreneurs, Inc. (ACE)

Agent/Title: Courtney Lynn/Underwriting Officer

Agent Signature: _Courtney E. Lynn_

Southeastern Hospitality, LLC.
d/b/a Mercury Supper Club and Lounge

By: _[signature]_
Earl Cloud, Member/Manager

*EXHIBIT "A"*

**DEFINITIONS:** As used on page 1, "☑" means the terms that apply to this loan, "I", "me" or "my" means each Borrower who signs this note and each person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). "You" or "your" means the Lender.

**APPLICABLE LAW:** The law of the state of Georgia will govern this note. Any term of this note, which is contrary to applicable law, will not be effective, unless the law permits you and me to agree to such a variation. If any provision of this agreement cannot be enforced according to its terms, this fact will not affect the enforceability of the remainder of this agreement. No modification of this agreement may be made without your express written consent. Time is of the essence in this agreement.

**COMMISSIONS OR OTHER REMUNERATION:** I understand and agree that any insurance premiums paid to insurance companies as part of this note will involve money retained by you or paid back to you as commissions or other remuneration. In addition, I understand and agree that some other payments to third parties as part of this note may also involve money retained by you or paid back to you as commissions or other remuneration.

**PAYMENTS:** Each payment I make on this note will be applied first to interest, then to any charges other than interest and principal that is due, and finally to principal that is due. If you and I agree to a different application of payments, we will describe our agreement on this note. I may prepay a part of, or the entire balance of this loan without penalty, unless we specify to the contrary on this note. Any partial prepayment will not excuse or reduce any later scheduled payment until this note is paid in full (unless, when I make the prepayment, you and I agree in writing to the contrary).

**INTEREST:** Interest accrues on the principal remaining unpaid from time to time, until paid in full. If I receive the principal in more than one advance, each advance will start to earn interest only when I receive the advance. The interest rate in effect on this note at any given time will apply to the entire principal advanced at that time. You and I may provide in this agreement for accrued interest not paid when due to be added to principal. Notwithstanding anything to the contrary, I do not agree to pay and you do not intend to charge any rate of interest that is higher than the maximum rate of interest you could charge under applicable law for the extension of credit that is agreed to here (either before or after maturity). If any notice of interest accrual is sent and is in error, we mutually agree to correct it, and if you actually collect more interest than allowed by law and this agreement, you agree to refund it to me.

**ACCRUAL METHOD:** The amount of interest that I will pay on this loan will be calculated using the interest rate and accrual method stated on page 1 of this note. For the purpose of interest calculation, the accrual method will determine the number of days in a "year". If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.

**SINGLE ADVANCE LOANS:** If this is a single advance loan, you and I expect that you will make only one advance of principal. However, you may add other amounts to the principal if you make any payments described in the "PAYMENTS BY LENDER" paragraph below, or if we have agreed that accrued interest not paid when due may be added to principal.

**MULTIPLE ADVANCE LOANS:** If this is a multiple advance loan, you and I expect that you will make more than one advance of principal. If this is closed end credit, repaying a part of the principal will not entitle me to additional credit.

**PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges that I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

**SET-OFF:** I agree that you may set off any amount due and payable under this note against any right I have to receive money from you. "Right to receive money from you" means:
(1) any deposit account balance I have with you;
(2) any money owed to me on an item presented to you or in your possession for collection or exchange; and
(3) any repurchase agreement or other no deposit obligation.
"Any amount due and payable under this note" means the total amount of which you are entitled to demand payment under the terms of this note at the time you set off. This total includes any balance the due date for which you properly accelerate under this note. If my right to receive money from you is also owned by someone who has not agreed to pay this note, your right of set-off will apply to my interest in the obligation and to any other amounts I could withdraw on my sole request or endorsement. Your right of set-off does not apply to an account or other obligation where my rights are only as a representative. It also does not apply to any individual Retirement Account or other tax-deferred retirement account.
You will not be liable for the dishonor of any check when the dishonor occurs because you set off this debt against any of my accounts. I agree to hold you harmless from any such claims arising as a result of your exercise of your right of set off.

**REAL ESTATE OR RESIDENCE SECURITY:** If this note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by the "Default" and "Remedies" paragraphs herein.

**DEFAULT:** I will be in default if any one or more of the following occur:
(1) I fail to make a payment on time or in the amount due;
(2) I fail to keep the property insured, if required;
(3) I fail to pay, or keep any promise, on any debt or agreement I have with you;
(4) any other creditor of mine attempts to collect any debt I owe him through court proceedings;
(5) I die, am declared incompetent, make an assignment for the benefit of creditors, or become insolvent (either because my liabilities exceed my assets or I am unable to pay my debts as they become due);
(6) I make any written statement or provide any financial information that is untrue or inaccurate at the time it was provided;
(7) I do or fail to do something which causes you to believe that you will have difficulty collecting the amount I owe you;
(8) any collateral securing this note is used in a manner or for a purpose which threatens confiscation by a legal authority;
(9) I change my name or assume an additional name without first notifying you before making such a change;
(10) I fail to plant, cultivate and harvest crops in due season;
(11) any loan proceeds are used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 C.F.R. Part 1940, Subpart G, Exhibit M.

**REMEDIES:** If I am in default on this note you have, but are not limited to, the following remedies:
(1) You may demand immediate payment of all I owe you under this note (principal, accrued unpaid interest and other accrued charges).
(2) You may set off this debt against any right I have to the payment of money from you, subject to the terms of the "Set-Off" paragraph herein.
(3) You may demand security, additional security, or additional parties to be obligated to pay this note as a condition for not using any other remedy.
(4) You may refuse to make advances to me or allow purchases on credit by me.
(5) You may use any remedy you have under state or federal law.
By selecting any one or more of these remedies you do not give up your right to later use any other remedy. By waiving your right to declare an event to be a default, you do not waive your right to later consider the event as a default if it continues or happens again.

**COLLECTION COSTS AND ATTORNEY'S FEES:** I agree to pay all costs of collection, replevin or any other or similar type of cost if I am in default. In addition, if you hire an attorney to collect this note, I also agree to pay attorney's fees of 15 percent of the principal and interest then owed, plus court costs (except where prohibited by law). To the extent permitted by the United States Bankruptcy Code, I also agree to pay the reasonable attorney's fees and costs you incur to collect this debt as awarded by any court exercising jurisdiction under the Bankruptcy Code.

**WAIVER:** I give up my rights to require you to do certain things, I will not require you to:
(1) demand payment of amounts due (presentment);
(2) obtain official certification of nonpayment (protest);
(3) give notice that amounts due have not been paid (notice of dishonor); or
(4) give me notice prior to seizure of my personal property when you are seeking to foreclose a secured interest in any of my personal property used to secure a commercial transaction.
I waive any defenses I have based on suretyship or impairment of collateral.

**OBLIGATIONS INDEPENDENT:** I understand that I must pay this note even if someone else has also agreed to pay it (by, for example, signing this form or a separate guarantee or endorsement). You may sue me alone, or anyone else who is obligated on this note, or any number of us together, to collect this note. You may do so without any notice that it has not been paid (notice of dishonor). You may without notice release any party to this agreement without releasing any other party. If you give up any of your rights, with or without notice, it will not affect my duty to pay this note. Any extension of new credit to any of us, or renewal of this note by all or less than all of us will not release me from my duty to pay it. (Of course, you are entitled to only one payment in full.) I agree that you may at your option extend this note or the debt represented by this note, or any portion of the note or debt, from time to time without limit or notice and for any term without affecting my liability for payment of the note. I will not assign my obligation under this agreement without your prior written approval.

**FINANCIAL INFORMATION:** I agree to provide you, upon request, any financial statement or information you may deem necessary. I warrant that the financial statements and information I provide to you are or will be accurate, correct and complete.

**NOTICE:** Unless otherwise required by law, any notice to me shall be given by delivering it or by mailing it by first class mail addressed to me at my last known address. My current address is on page 1. I agree to inform you in writing of any change in my address. I will give any notice to you by mailing it first class to your address stated on page 1 of this agreement, or to any other address that you have designated.

Page 2 of 2

## Access to Capital for Entrepreneurs, Inc. (ACE)- Security Agreement

This open-ended security agreement ("Agreement") is made and effective this <u>July 16, 2015</u>, by and between <u>Southeastern Hospitality, LLC. d/b/a Mercury Supper Club and Lounge</u> ("Borrower"), and <u>Access to Capital for Entrepreneurs (ACE)</u> ("Secured Party").

Borrower hereby grants to the Secured Party a security interest in certain property: A first lien security interest in all new and used kitchen machinery & equipment, business furniture and fixtures now owned and hereinafter acquired by Southeastern Hospitality, LLC. A 1st lien security interest in accounts receivable now owned or hereinafter acquired by Next Wavy Consulting, LLC. A first lien security interest on a 2009 Seadoo Serial#YDV26489K809 and a 2007 Sea Ray 175 Sport Boat Serial#SERRB757B707 ("Collateral") of Borrower to secure such obligations as now are owed, and such obligations as in the future may be owed, by Borrower to the Secured Party. The Borrower and the Secured Party expressly agree that this Agreement shall automatically govern all existing obligations that the Borrower owes to the Secured Party, and all future obligations, in any form, from the Secured Party to the Borrower, without further action by either party, and without express reference to such obligations in this Agreement or in such obligations.

Secured Party and Borrower further agree as follows:

1. The following described property, together with all additions and substitutions to such property, and all proceeds there from, shall constitute the Collateral for this Agreement:

All inventory, equipment, furnishings, and fixtures now or hereafter placed upon the premises known as <u>Southeastern Hospitality, LLC.</u> located at <u>24 Leslie Street, N.E. Atlanta, GA 30307</u> (the "Premises") or used in connection therewith and in which Borrower now has or hereafter acquires any right. As additional collateral, Borrower assigns to Secured Party, a security interest in all of its right, title, and interest to any trademarks, trade names, contract rights, and leasehold interests which it now has or hereafter acquires. The Security Interest shall secure the payment and performance of Borrower's promissory note of even date herewith in the principal amount of <u>One Hundred Fifty Three Thousand Eight Hundred Fifteen Dollars and 70/100 ($153,815.70)</u> Dollars and the payment and performance of all other liabilities and obligations of Borrower to Secured Party of every kind and description, direct or indirect, absolute or contingent, due or to become due now existing or hereafter arising.

2. Borrower shall keep and maintain, at its expense, complete records of the Collateral. Secured Party shall have the right at any time and from time to time, without notice, to call at Borrower's place of business during normal business hours to inspect the Collateral and to inspect the correspondence, books, and records of Borrower relating to the Collateral.

3. Borrower represents and warrants to Secured Party that, with respect to the Collateral, Borrower possesses and shall possess at all times while this Security Agreement is in effect, full, complete and unencumbered title to such goods, subject only to Secured Party's security interest hereunder, and liens, if any, for current taxes, assessments and other governmental charges are not delinquent; that the Collateral shall be kept at <u>24 Leslie Street, N.E. Atlanta, GA 30307</u>. Borrower shall not change the location of the Collateral without the prior written consent of Secured Party; that Borrower shall not at any time cause or suffer any part of the Collateral, or any interest in any of Collateral to be subject to any Security Interest other than that of Secured Party, except upon the written consent of the Secured Party; that Borrower shall defend the Collateral against the claims and demands of all persons other than Secured Party; that Borrower shall at all times promptly pay and discharge, at Borrower's expense, all taxes, assessments and other governmental charges which constitute or may become liens on the Collateral; that, at the request of Secured Party, at any time, Borrower shall execute such financing statements and other documents, pay such filing, recording and other fees, and do or cause to be done such other acts or things as Secured Party deems reasonably necessary to establish, perfect, and continue its security interest hereunder; and that Borrower shall pay all costs, expenses, charges and other obligations, including, without limitation, reasonable attorneys' fees, suffered or incurred by Secured Party to protect, preserve, maintain and obtain

Initials 

## EXHIBIT "B"

possession of or title to the Collateral, to perfect, protect, preserve and maintain the security interest granted by this Security Agreement, and to enforce or assert any one or more of its rights, powers, remedies and defenses under this Security Agreement.

4. Borrower shall be in default under this Security Agreement if Borrower fails timely to observe and perform any covenants, conditions or agreements required to be observed or performed by Borrower under this Security Agreement, or if Borrower defaults upon any material promise in the obligation. At any time upon or following the occurrence of one or more of the events of default, Secured Party may, at its option, assert or avail itself of any one or more of the rights, powers, remedies and defenses conferred upon Secured Party under the Uniform Commercial Code and other laws of the State of Georgia , which laws shall generally govern the construction and interpretation of this Agreement, or assert or avail itself of any one or more of the rights, powers, remedies and defenses conferred upon Secured Party under any other appropriate law or regulation, whether federal or state. Any and all proceeds resulting from the disposition of all or any part of the Collateral following the occurrence of one or more events of default shall be applied to pay and provide for the Obligations of Borrower to Secured Party, with any balance remaining to be paid to Borrower or its successors and assigns, as their respective interests may appear.

5. The invalidity or unenforceability of any provision in this Agreement shall not cause any other provision to be invalid or unenforceable.

6. This Agreement constitutes the final agreement and understanding between the parties on the subject matter hereof and supersedes all prior understandings or agreements whether oral or written. This Agreement may be modified only by a further writing that is duly executed by both parties.

IN WITNESS WHEREOF, this agreement is signed on this **16th** day of **July, 2015**.

Borrower:

Southeastern Hospitality, LLC.
d/b/a Mercury Supper Club and Lounge

By: _____
Earl Cloud, Member/Manager

Secured Party:

Access to Capital for Entrepreneurs, Inc. (ACE)

Signature: _____

Title: _Courtney Lynn/Underwriting Officer_

GSCCCA eFile#: EF_000787763_000216649_1.   Received: Tuesday, July 21, 2015 2:19:45 PM Page 1 of 1

FILED & RECORDED
Tuesday, July 21, 2015 2:24:54 PM
File Number: 154-2015-000232
Dena M. Adams
White County Clerk of Superior Court

## UCC FINANCING STATEMENT
FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
678-335-5600

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**

ACE
3173 Hwy. 129 North
Cleveland, GA 30528

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:**
1a. ORGANIZATION'S NAME: Southeastern Hospitality, LLC.
1c. MAILING ADDRESS: 24 Leslie Street N. E.
CITY: Atlanta
STATE: GA
POSTAL CODE: 30307

**2. DEBTOR'S NAME:**
2b. INDIVIDUAL'S SURNAME: Cloud
FIRST PERSONAL NAME: Earl
2c. MAILING ADDRESS: 24 Leslie Street N. E.
CITY: Atlanta
STATE: GA
POSTAL CODE: 30307

**3. SECURED PARTY'S NAME**
3a. ORGANIZATION'S NAME: Access to Capital for Entrepreneurs, Inc. (ACE)
3c. MAILING ADDRESS: 3173 Hwy. 129 North
CITY: Cleveland
STATE: GA
POSTAL CODE: 30528

**4. COLLATERAL:** This financing statement covers the following collateral:

A first lien security interest in all new and used kitchen machinery & equipment, business furniture and fixtures now owned and hereinafter acquired by Southeastern Hospitality, LLC.

A first lien security interest in accounts receivable now owned or hereinafter acquired by Next Wavv Consulting, LLC.

A first lien security interest on a 2009 Seadoo Serial#YDV26489K809 and a 2007 Sea Ray 175 Sport Boat Serial#SERRB757B707

**8. OPTIONAL FILER REFERENCE DATA:**
1630

FILING OFFICE COPY — UCC FINANCING STATEMENT (Form UCC1) (Rev. 04/20/11)   International Association of Commercial Administrators (IACA)

## EXHIBIT "C"

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the foregoing "Motion to Modify Automatic Stay and Waiver of Stay of Order Under Bankruptcy Rule 4001(a)(3)" and "Notice of Motion" upon the following parties either electronically using the CM/ECF system or by depositing a copy of same in an envelope with adequate postage affixed thereon to ensure delivery by United States first-class mail:

Southeastern Hospitality, LLC
675 Ponce de Leon Avenue, Suite 215
Atlanta, Georgia 30308

William Anderson Rountree, Esq.
Samantha L. Tzoberi, Esq.
Rountree & Leitman, LLC
2800 N. Druid Hills Road
Building B, Suite 100
Atlanta, Georgia 30329
wrountree@rlklawfirm.com
stzoberi@rlklawfirm.com

R. Jeneane Treace, Esq.
Thomas Wayne Dowrschak, Esq.
Office of the United States Trustee
75 Ted Turner Drive SW, Suite 362
Atlanta, Georgia 30303
jeneane.treace@usdoj.gov
thomas.w.dworschak@usdog.gov

Amur Equipment Finance, Inc.
Matthew F. Kye, Esq.
Kyle Law Group, PC
201 Old Country Road, Suite 120
Melville, NY 11747
mkye@kyelaw.com

East Andrews Realty, LLC
Kimberley M. Childs, Esq.
Kitchens Kelley Gaynes, PC
Glenridge Highlands One, Suite 800
5555 Glenridge Connector
Atlanta, Georgia 30342-4728
kchilds@kkgpc.com

GFRS Equipment Leasing Fund II, LLC
Global Financial & Leasing Services, LLC
Samantha L. Gunnison, Esq.
Christopher M. Porterfield, Esq.
Diment Porterfield, LLP
412 Adamson Square
Carrollton, Georgia 30117
sgunnison@diment.law
cporterfield@diment.law

Jamestown PCM Master Tenant, LP
Matthew W. Levin, Esq.
mlevin@swlawfirm.com

Matthew K. Kelsey, Esq.
Gibson, Dunn & Crutcher, LLP
200 Park Avenue
New York, NY 10166-4799

1st Global Capital, LLC
1250 East Hallandale Beach Blvd., Suite 409
Hallandale, FL 33009-4624

Acuity CFO, LLC
3423 Piedmont Road NE
Atlanta, Georgia 30305-1751

All State Mall Services
P. O. Box 93717
Las Vegas, NV 89193-3717

Alliance Funding Group
3745 W. Chapman Avenue, Suite 200
Orange, CA 92868-1656

AmTrust North America, Inc.
Technology Insurance Company, Inc.
Maurice Wutscher LLP
2000 Auburn Drive, Suite 200
Beachwood, OH 44122-4328

American Express
P. O. Box 1270
Newark, NJ 07101-1270

American Express National Bank
c/o Becket and Lee LLP
P. O. Box 3001
Malvern, PA 19355-0701

Ameripride
1081 Experiment Station Road
Watkinsville, GA 30677-2441

Bizfund, LLC
762 N. Orange Street, Suite 762
Wilmington, DE 19801

Buckhead Beef
4500 Wickersham Drive
Atlanta, GA 30337-5122

CTI
942 Enterprise, Suite B
Sacramento, CA 95825-3900

Dau Group Investments, LLC
2630 Talley Street, Unit 403
Decatur, GA 30030-5348

Fundation Group, LLC
11501 Sunset Street NE
Atlanta, Georgia 30307

Georgia Department of Labor
148 Andrew Young Int'l Blvd NE
Atlanta, GA 30303-1751

Georgia Department of Labor
148 Andrew Young Int'l Blvd NE, Suite 826
Atlanta, GA 30303-1751

Georgia Department of Labor
148 Andrew Young Int'l Blvd NE, Suite 910
Atlanta, GA 30303-1751

Global Financial and Leasing Services
6263 N. Scottsdale, Suite 222
Scottsdale, AZ 85250

HAW AJE
S. Concourse Parkway, Suite 1000
Atlanta, Georgia 30328

Jamestown PCM Master Tenant LLP
Ponce City Market
675 Ponce De Leon Avenue NE
Atlanta, GA 30308-2176

Jamestown PCM Master Tenant LLP
Attn: Amber Murray, Esq.
675 Ponce De Leon Avenue NE, 7th Floor
Atlanta, GA 30308-1884

NFS Leasing, Inc.
900 Cummings Center, Suite 226-U
Beverly, MA 01915-6183

Navitas Credit Corp.
One Post Office Square, Suite 3710
Boston, MA 02109-2175

PBS Capital
One Evertrust Plaza, Suite 1401
Jersey City, NJ 07302-3087

Paycor
3525 Piedmont Road NE
5 Piedmont Center, Suite 520
Atlanta, GA 30305-1649

People's United Bank
One Post Office Square, Suite 3710
Boston, MA 02109-2175

Sard & Leff LLC
3789 Roswell Road NE
Atlanta, GA 30342-4429

Technology Insurance Company
8948 Canyon Falls Boulevard
Suite 200
Twinsburg, OH 44087-1900

Touchmark National Bank
3651 Old Milton Parkway
Alpharetta, GA 30005-4487

This 10th day of June, 2019.

/s/ Thomas E. Austin, Jr.
Thomas E. Austin, Jr.